Maxwell, J.
This action was commenced under section 255 of the Civil Code, by the appellee, plaintiff below, who averred, in his amended complaint, that he was the owner and in possession of a quarter section of land in Phillips county, Colorado; that the defendants claimed title to said land by virtue of a tax deed; that The McKinley-Lanning Loan & Trust Company was the owner of, and held two trust deeds against, said land; that W. H. Carnahan and the trust company was one and the same, and were the owners of said trust deeds, or beneficiaries of the same, and that said trust deeds were a cloud- on the title of plaintiff.
The defendants, by their answer, denied that the plaintiff was the owner, or in possession of, the premises in controversy, and averred that the title of plaintiff was derived from a pretended tax deed, dated May 26, 1899, recorded May 27, 1899, under a pretended tax sale of said land, December 11, 1893, for taxes assessed for the year 1892; that said tax deed was void for reasons set forth in the answer; that October 16, 1899, the treasurer of Phillips county, by virtue of a tax sale of said land, December 12, 1895, *212 for delinquent taxes for the year 1894, made, executed and delivered to the trust company a treasurer’s deed to said land, which deed was recorded October 18, 1899, whereby the trust company became the owner of said land.
The plaintiff’s reply put in issue the affirmative allegations of the answer.
The case was tried upon the issues joined, to the 'court without a jury.
The plaintiff, to maintain the issues on his part, produced the tax deed set forth in his complaint, and offered the same in evidence, which, upon objection, was excluded. This is the only evidence offered by the plaintiff to prove his title or possession of the premises. The plaintiff introduced evidence to prove that the trust company and Carnahan were one and the same, and were the owners of the trust deeds averred and set forth in the complaint, and also testimony to prove the amount paid by the plaintiff, Varney, at the tax sale, under which he claims title, and the amount of subsequent taxes paid by him.
The defendants, to sustain the affirmative allegations of their answer and cross-complaint, introduced the tax deed executed by the county treasurer of Phillips county, conveying to the trust company the land in controversy. No other evidence was introduced by the defendants.
The court found that the tax deed of the plaintiff w;as null and void; that the tax deed to the trust company was valid, and that the trust company was the owner of and entitled to possession of the land in controversy; that the trust company, at the commencement of this action, was the owner and holder of certain trust deeds upon the property in question or had a substantial interest in the same; that the amount paid by the plaintiff as taxes on said land, by reason of the tax deed issued to Mm and subsequent to such *213 issuance, was $43.18, which, amount the trust company should refund to the plaintiff; that there was no tender made before answering or before trial. The decree was in accordance with the findings and ordered, “that upon the payment into court of the sum of $43.18 for the use of the plaintiff, within thirty days from the filing of this decree, the title of said defendant, The McKinley-Lanning Loan & Trust Company, should he and become absolute, and upon failure to pay such amount within the time named, this decree should be and remain inoperative and of no effect.”
It is assigned for error that the findings and decree of the court were not sustained by the evidence and are against the law.
It is abundantly apparent, from the record, that the only matter in controversy between the parties is the $43.18 found to be due the plaintiff, Varney, .on account of taxes paid by him at the tax sale and subsequent thereto, and the order or decree against the trust company requiring the payment of this amount into court, before the decree should become effective.
There is not sufficient evidence in the record to sustain the findings of the court, that the trust company was “the owner and holder of a certain trust deed or trust deeds upon the property in question, or had a substantial interest in the same,” or that “the plaintiff had paid, as taxes on said land by reason of the tax deed issued to him and subsequent to such issuance, $43.18.”
Indeed, a careful reading of the transcript of the evidence leads to the conclusion that there is, in the record, an entire absence of competent evidence in support of the last above finding of the court.
*214 For the foregoing reasons the judgment of the court below will be reversed and the cause remanded.

Reversed.